Hillsborough, }
April 1, 1924. }

GEORGE E. TRUDEL *v.* FRANK H. EMERSON & *a.*

Under P. S., c. 2, s. 15; *Ib.*, c. 43, s. 5, a majority of the members of the finance commission of Manchester have authority to act.

PETITION, by the plaintiff as mayor and as a taxpayer alleging that the two defendants are members of the finance commission of the city of Manchester; that Bond, the third member of the commission, is disqualified to act and that the defendants as a majority of the board claim the right to perform the duties imposed

upon it; and praying that they be enjoined from so acting. The defendants in their answer admitted the foregoing facts and moved that the petition be dismissed; and it was so ordered by the court, subject to the plaintiff's exception.

Transferred by *Branch*, J.

*Thomas J. Bois*, by brief and orally, for the plaintiff.

*Tuttle, Wyman & Starr* (*Mr. Tuttle* orally), for the defendants.

PARSONS, C. J. "Words purporting to give a joint authority to three or more public officers shall give such authority to a majority of them unless otherwise expressly declared." P. S., c. 2, s. 15. "A majority of the selectmen shall be competent to act in all cases." P. S., c. 43, s. 5. The members of the finance commission are public officers; their duties in part are those devolving upon selectmen in towns. *Attorney-General* v. *Bond, ante,* 269. They are clearly within the statute and the act of a majority is the act of the board, whether the other member is disqualified or not, or is, or not, notified. Cases cited by *Jeremiah Smith*, J., *Northern Railroad* v. *Railroad,* 50 N. H. 166, 198, 200. Whether the holding that county commissioners when laying out highways are not within the statute because of special provisions for filling vacancies in such boards is sound, or not, is immaterial. There is no provision for filling a vacancy in this commission in case one of the members became disqualified or otherwise unable to act, and the conclusion must be that the legislature intended that when one of the appointees for any reason could not or did not act, the remaining members should possess all the authority of the board.

*Exception overruled.*

SNOW, J., was absent: the others concurred.